1  David J. Noonan (55966)
     dnoonan@knlh.com
2  Micaela P. Banach (226656)
     mbanach@knlh.com
3  **KIRBY NOONAN LANCE & HOGE LLP**
   350 Tenth Avenue, Suite 1300
4  San Diego, California 92101-8700
   Telephone: (619) 231-8666
5  Facsimile: (619) 231-9593

6  Attorneys for Defendant CBRE, Inc.
       (erroneously sued as CBRE Group, Inc.)

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10 RAY LUTZ,                          Case No. 12cv2625 JM (DHB)

11          Plaintiff,                **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
12      vs.                           CBRE, INC.'S  (ERRONEOUSLY SUED HEREIN AS CBRE GROUP, INC.) MOTION TO DISMISS
13 CBRE GROUP, INC., a Delaware       PLAINTIFF'S FIRST AMENDED
   corporation, OFFICER TONY LESSA,   COMPLAINT
14 CITY OF SAN DIEGO, and DOES 1 -
15 25, Inclusive ,                    **[Fed.R.Civ.P. 12(b)(6)]**

16          Defendants.               Date:   March 18, 2013
17                                    Time:   11:00 a.m.
                                      Ctrm.:  16
18                                    Judge:  The Hon. Jeffrey T. Miller

19

20

21      Defendant CBRE, Inc. ("CBRE") respectfully submits the following Reply

22 Memorandum of Points & Authorities in support of its Motion to Dismiss Plaintiff's

23 First Amended Complaint ("FAC").

24      **A.    The Twombly/Iqbal Pleading Standards Apply.**

25      Plaintiff's first argument is that his FAC is sufficient because "notice

26 pleading" is all that is required in federal court and that his FAC gives CBRE the

27 requisite notice.  Plaintiff contends that CBRE's reliance on *Twombly* and *Iqbal* is

28 misplaced.  Not so.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Kirby Noonan Lance & Hoge LLP

350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1    Both *Twombly* and *Iqbal* "represent a major change in how to approach

2  pleading a claim in federal court."  Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch.

3  8-B at 8:125.1; *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544; *Ashcroft v.*

4  *Iqbal* (2009) 556 U.S. 662.  The *Twombly/Iqbal* pleading standards are well settled

5  in the Ninth Circuit and apply to all federal complaints – not just those for

6  "antitrust" or "executive branch liability" as Plaintiff contends.  As set forth in *Moss*

7  *v. U.S. Secret Service* (9th Cir. 2009) 572 F.3d 962, 972:

8           Under the Court's latest pleadings cases [*Twombly*],
          however, the facts alleged in a complaint must state a
9           claim that is plausible on its face.  As many have noted,
          this is a significant change, with broad-reaching
10          implications.  *See, e.g., A. Benjamin Spencer, Plausibility*
          *Pleading*, 49 B.C. L. Rev. 431, 433 (2008) (characterizing
11          *Twombly* as an abrupt and significant departure from the
          long-standing tradition of liberal notice pleading in the
12          federal courts).

13    Following *Twombly* and *Iqbal*, it is well settled that a federal complaint

14  requires "more than an unadorned, the-defendant-unlawfully-harmed-me

15  accusation" or mere "labels or conclusions."  *Iqbal*, *supra*, at 678.  Rather, the

16  pleader must state a claim that is plausible on its face.  *Id.*  Plausibility "asks for

17  more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Nor does

18  a complaint suffice if it tenders naked assertions devoid of further factual

19  enhancement."  *Id*.  Unfounded speculation and conclusions are all we have here.

20    **B.    Plaintiff's Conspiracy Allegations are Insufficient to Support His
          False Arrest and Battery Claims.**

21

22    Plaintiff's Opposition readily admits that because he does not know all the

23  facts which would support his claims for false arrest and battery, he simply pled that

24  CBRE and the police officers "conspired together to arrest him."  (Opposition at 9:5-

25  10.)  Plaintiff contends that this alone is sufficient to put CBRE on notice of his

26  claims for false arrest and battery and therefore this motion must be denied.

27  (Opposition at 9:10-11.)

28  ///

1    As previously detailed, mere conclusory allegations of a conspiracy without

2 any factual support will not survive a motion to dismiss.  Similar cases have held

3 allegations merely conclusory where they fail to set forth sufficient *facts*.  For

4 example, an allegation that Secret Service agents ordered protesters relocated away

5 from the President's location based on a policy of removing protesters who objected

6 to the President with the intent to suppress protesters' free exercise of expression

7 was held conclusory, not factual.  *See, Moss*, *supra*, 572 F.3d at 970; *see also,*

8 *Center for Bio-Ethical Reform, Inc. v. Napolitano* (6th Cir. 2011) 648 F.3d 365,

9 377-378 (plaintiffs' allegation that adverse action taken by government officials was

10 motivated by plaintiffs' exercise of constitutionally protected activity deemed

11 conclusory); *see also, Krainski v. State of Nevada ex rel. Bd. of Regents of Nevada*

12 *System of Higher Education* (9th Cir. 2010) 616 F.3d 963, 969 (allegation in a §

13 1983 false arrest action that university police officers "knew or should have known"

14 that statements made against plaintiff leading to her arrest were false was

15 conclusory, not factual).

16    This case is substantially similar to those cited above.  Plaintiff here makes

17 broad allegations that the collective "Defendants" conspired together to falsely arrest

18 him.  Plaintiff makes broad allegations that CBRE was somehow involved in his

19 arrest.  In his Opposition, Plaintiff now argues that "Michelle conspired with

20 Defendant police officers."  (Opposition at 10:19-21.)  But Plaintiff knows that

21 Michelle is not employed by CBRE.  Plaintiff's conclusory conspiracy allegations

22 must be disregarded.[1]  He has failed to set forth any plausible claim for relief against

23 CBRE on his first and second causes of action, and therefore they should be

24 dismissed.

25 ///

---

27    [1] Plaintiff's Opposition argues that CBRE "assisted and encouraged" the false
arrest.  (Opposition at 3:15-16.)  Those allegations are not pled in the FAC.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

### C. There are No Facts Pled to Support a Claim for Intentional Infliction of Emotional Distress.

Plaintiff's Opposition argues that he has pled a sufficient claim for intentional infliction of emotional distress because a jury could conclude that Plaintiff's arrest caused him to suffer severe emotional distress. Plaintiff ignores the reality that his FAC pled absolutely no "extreme and outrageous conduct" by anyone employed by CBRE. The absolute only allegation of conduct by CBRE is acceptance of a letter the day before his arrest and the presence of "Michelle" and "an unidentified male" who asked Plaintiff to move his table after being "prompted" to do so by Officer Lessa. (FAC, ¶¶ 7, 26, 27.) This is followed by conclusory conspiracy allegations of the collective "Defendants."

Thus, Plaintiff's allegations fall far short of the *Iqbal*/*Twombly* pleading standard. *See, e.g., Moreno v. The GEO Group*, 2009 WL 841139, *4 (E.D. Cal. March 26, 2009) (finding that the plaintiff's claim for intentional infliction of emotional distress failed to meet pleading standard discussed in *Twombly*); *Moe Dreams, LLC v. Sprock*, 2008 WL 4787493, *9 (N.D. Ga. Oct. 27, 2008) (intentional infliction of emotional distress claim subject to *Twombly* pleading standard; plaintiff cannot merely rely on conclusions, but must plead facts). ***At most***, Plaintiff argues a mere ***possibility*** of misconduct by CBRE, but there are no factual allegations to raise a right to relief above the speculative level. Where the facts pled do not permit the court to infer more than a mere possibility of misconduct, the complaint has not shown an entitlement to relief. *Iqbal*, *supra*, 556 U.S. at 679.

### D. Plaintiff's Negligence Claims Fail to State Sufficient Facts to Support a Claim for Relief.

Plaintiff argues that he has stated valid negligence claims because Michelle "emerged from a building managed by CBRE and claimed to work for the Civic Center" which led to his arrest. (Opposition at 12:18-19.) This is woefully

1  inadequate to bring a negligence claim against CBRE, and it certainly does not

2  establish that CBRE owed Plaintiff a ***legal duty*** of care.  The only duty Plaintiff

3  alleged in the FAC is a duty to avoid a conspiracy.  (FAC, ¶ 61.)  This is nonsensical

4  and redundant.

5  Plaintiff's Opposition attempts to bolster the negligence claims by asserting

6  that CBRE "presumably" had a responsibility to ensure the property was maintained

7  and managed with due care.  (Opposition at 14:6-9.)  This does not establish a duty

8  of care owed to Plaintiff.  Moreover, the law requires more than a mere possibility

9  that "CBRE's involvement in the arrest ***could*** constitute a cause of action."

10  (Opposition at 14:11-13 (emphasis added).)  "Where a complaint pleads facts that

11  are merely consistent with a defendant's liability, it stops short of the line between

12  possibility and plausibility of entitlement to relief." *Iqbal*, *supra*, 556 U.S. at 678.

13  Plausibility "asks for more than a sheer ***possibility*** that a defendant has acted

14  unlawfully." *Id.* (emphasis added).

15  Finally, Plaintiff's Opposition admits that he needs to conduct discovery "to

16  determine if CBRE is ultimately liable under this [fifth] cause of action."

17  (Opposition at 14:15-18.)  However, a plaintiff cannot avoid or delay a dismissal

18  under Rule 12(b)(6) by arguing that his failure to state a claim for relief is based on

19  lack of even limited discovery directed at facts needed to plead a cause of action.

20  Based on *Twombly* and *Iqbal*, the opposite is true:  If Plaintiff's "complaint is

21  deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Iqbal,*

22  *supra*, 556 U.S. at 686.  "Rule 8 marks a notable and generous departure from the

23  hyper-technical, code-pleading regime of a prior era, but it does not unlock the

24  doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*;

25  *see also*, *Schatz v. Republican State Leadership Comm*. (1st Cir. 2012) 669 F.3d 50,

26  56 ("to access discovery mechanisms, a plaintiff must first produce a complaint that

27  passes the plausibility test").

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Plaintiff's fourth and fifth causes of action which allege mere conclusions without any factual support should not be permitted to proceed simply because Plaintiff allegedly needs discovery to see if CBRE is actually liable. That is impermissible and this motion should be granted.

**E.      There is No Basis for a Bane Act Violation Against CBRE.**

Plaintiff's Opposition fails to set forth any further basis for a claim against CBRE for a Bane Act (Civil Code § 52.1) violation. Rather, Plaintiff merely repeats that he was falsely arrested by the collective "Defendants," including "Michelle" and an "unidentified male DOE," and therefore CBRE is liable. This falls woefully short of the federal pleading standards applicable here. *Johnson v. Riverside Healthcare System, LP* (9th Cir. 2008) 534 F.3d 1116, 1122 (plaintiff must at least allege sufficient facts to state the elements of his or her claim).

Notably, Plaintiff's ninth cause of action contains absolutely no allegations against CBRE, but rather details an alleged "pattern and practice" by the City of San Diego and the San Diego Police Department of engaging in excessive force against the Occupy San Diego activists. (FAC, ¶ 87.) Clearly this cause of action is directed against the City and the Police Officers named in Plaintiff's FAC. There is no basis for a Bane Act claim against CBRE.

**F.      Leave to Amend Should Be Denied.**

Amendment is futile. Plaintiff contends that he learned new information at the confidential Early Neutral Evaluation and asks for leave to amend. However, that "new" information is merely the identity of the person initially identified in the FAC only as "Michelle." Plaintiff contends that he now knows that Michelle is not employed by CBRE. Therefore, amending the complaint yet again to identify

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

"Michelle" and to "add additional parties" (as requested in Plaintiff's Opposition at p. 3) does nothing to overcome the pleading deficiencies as against **CBRE**.[2]

Moreover, Plaintiff has already had ample opportunities to plead facts against CBRE. Plaintiff filed his initial complaint against CBRE on November 30, 2011 which he subsequently dismissed. He filed this second complaint against CBRE on September 13, 2012. He then amended his complaint after a meet and confer session with counsel for CBRE regarding the pleading deficiencies. His FAC failed to cure those deficiencies and he should not be permitted yet another bite at the apple.

### G. Conclusion.

The FAC fails to state any viable claim for relief against CBRE and should be dismissed as to CBRE. Plaintiff's Opposition sets forth no basis to allow for amendment. As it is evident that further amendment will not help Plaintiff satisfy applicable pleading standards in his claims against CBRE, the FAC should be dismissed with prejudice.

DATED: March 11, 2013            KIRBY NOONAN LANCE & HOGE LLP


                                 By:  */s/ Micaela P. Banach*
                                      David J. Noonan
                                      Micaela P. Banach
                                      Attorneys for Defendant CBRE, Inc.

---

[2] Plaintiff's Opposition states that he learned at the ENE that "Michelle had definitively initiated a citizen's arrest, which officers then accepted." (Opposition at p. 5.) CBRE disputes that statement. No such information was discussed at the ENE. Moreover, even if Plaintiff amends his FAC to make that allegation and the Court assumes it to be true at the pleading stage, Michelle is admittedly *not* an employee of CBRE.

# PROOF OF SERVICE

|   |   |
|---|---|
| DATE: | March 18, 2013 |
| TIME: | 11:00 a.m. |
| JUDGE: | Hon. Jeffrey T. Miller |

*Lutz v. CBRE*
USDC Case No. 12cv2625 JM (DHB)

    I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 350 Tenth Avenue, Suite 1300, San Diego, California 92101-8700.

    On March 11, 2013, at San Diego, California, I served the following document(s) described as **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CBRE, INC.'S (ERRONEOUSLY SUED HEREIN AS CBRE GROUP, INC.) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the parties in said action as follows:

## ATTACHED SERVICE LIST

☒   **ELECTRONIC TRANSMISSION:** I filed the foregoing document with the Clerk of Court for the USDC, Southern District, using the Electronic Case Filing ("ECF") system of the Court. The attorney listed above has consented to receive service by electronic means and is registered with the Court's ECF system and was served a "Notice of Electronic Filing" sent by ECF system.

☒   **FEDERAL COURT:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 11, 2013, at San Diego, California.

/s/ Micaela P. Banach

Kirby Noonan Lance & Hoge LLP

350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

**SERVICE LIST**
*Lutz v. CBRE, et al.*
**USDC – Southern Case No. 12cv2625 JM DHB**

| | |
|---|---|
| Bryan W. Pease (239139)<br>　bryanpease@gmail.com<br>**LAW OFFICES OF BRYAN W.**<br>**PEASE**<br>1901 First Avenue, Suite 219<br>San Diego, California 92101<br>Telephone: 619-723-0369<br>Facsimile: 619-923-1001 | Attorney for Plaintiff Ray Lutz |
| Gerald Singleton (208783)<br>　Gerald@geraldsingleton.com<br>Alexis Bastedo (249183)<br>　Alexisbastedo@gmail.com<br>Elizabeth Grumet (276029)<br>　lizgrumet@gmail.com<br>**SINGLETON LAW FIRM, APC**<br>560 N. Coast Hwy 101, Suite 4A<br>Encinitas, California 92024<br>Telephone: 760-697-1330<br>Facsimile:  760-697-1329　　　Attorney<br>for Plaintiff Ray Lutz | Attorney for Plaintiff Ray Lutz |
| John E. Riley (144268)<br>　jriley@sandiego.gov<br>**OFFICE OF THE CITY ATTORNEY**<br>1200 Third Avenue, Suite 1100<br>San Diego, California 92101<br>Telephone: 619-533-5800<br>Facsimile: 619-533-5856 | Attorney for Defendant City of San Diego |